## IN THE COURT OF APPEALS OF IOWA

No. 17-1694
Filed January 24, 2018

IN THE INTEREST OF K.A.,
Minor Child,

S.W., Mother,
 Appellant.

_____

 Appeal from the Iowa District Court for Linn County, Barbara H. Liesveld,
District Associate Judge.

 A mother appeals from the order terminating her parental rights.
**AFFIRMED.**

 Jeannine L. Roberts, Cedar Rapids, for appellant mother.

 Thomas J. Miller, Attorney General, and John McCormally, Assistant
Attorney General, for appellee State.

 Robin L. O'Brien Licht, Cedar Rapids, guardian ad litem for minor child.

 Considered by Vogel, P.J., and Tabor and Bower, JJ.

**VOGEL, Presiding Judge.**

A mother appeals from the order terminating her parental rights.[1]  She claims the State did not present clear and convincing evidence her child could not be returned home at the time of termination and challenges the finding she lacks the ability or willingness to respond to services.  The mother also asserts termination is not in the child's best interest and her strong bond with the child should preclude termination.  We find there was sufficient evidence to terminate her parental rights, termination is in the child's best interests, and the child's young age and early removal from the mother override any bond the mother claims to have.  Accordingly, we affirm.

## I. Background Facts and Proceedings

K.A., born November 2016, came to the attention of the Iowa Department of Human Services (DHS) shortly after his birth due to concerns for his wellbeing and safety after the mother left K.A. under the supervision of other individuals.  The mother and the father are unmarried, no longer in a relationship, and have a history of domestic violence.  The mother takes medication for mental-health issues that date back to previous termination proceedings with her older children and their respective fathers.[2]  As with her previous relationships, most of which involved violence and no-contact orders, her relationship with K.A.'s father is not a healthy one.  In December 2016, the father was arrested on a warrant for domestic violence against the mother that occurred in August 2016.  Later that month, the

---

[1] The district court terminated the father's parental rights, and he does not appeal.
[2] Of the mother's other children, her rights were terminated to two and one lives with a paternal great grandparent, who now has a guardianship.

no-contact order against the father was dropped; however, the mother, the father, and the father's new girlfriend continued to engage in verbal and physical altercations.

On December 9, 2016, K.A. was removed from the mother's care. The child was placed with a foster family and remained there during the pendency of the case. K.A. was adjudicated a child in need of assistance (CINA) on January 5, 2017.

The mother was offered services to correct the circumstances that led to the adjudication. While the mother participated in some visits, was occasionally employed, and engaged in supportive housing model services, she struggled to stay consistent with her mental-health medication and avoid confrontations with the father and his new girlfriend. Because the mother's issues with domestic violence and mental health were not new, but rather they were continuations of the problems identified in her previous involvement with the DHS regarding her older children, the DHS was concerned with the mother's current ability to demonstrate and maintain the appropriate changes so that K.A. could be returned to her care.

Coinciding with the CINA dispositional hearing on May 5, the State filed a petition to terminate the mother's parental rights, which came on for hearing on June 15, 2017. On October 3, 2017, the district court entered an order terminating the mother's rights under Iowa Code section 232.116(1)(h) and (g) (2017). The mother appeals.

## II. Standard of Review

The scope of review is de novo in termination cases. *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010). Clear and convincing evidence is needed to

establish the grounds for termination. *In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006). We give weight to the juvenile court's findings of fact, but we are not bound by them. *In re C.B.*, 611 N.W.2d 489, 492 (Iowa 2000).

## III. Statutory Grounds

The mother asserts the State did not prove by clear and convincing evidence her parental rights should be terminated under Iowa Code section 232.116(1)(h) and (g). The mother asserts the State failed to prove the fourth element of paragraph (h), which requires the State to establish, "[t]he child cannot be returned to the custody of the child's parents as provided in section 232.102 at the present time." The mother also asserts the State failed to prove the third and fourth elements of paragraph (g), which require the State to establish, "the mother continues to lack the ability or willingness to respond to services which would correct the situation," and "an additional period of rehabilitation would not correct the situation." "When the juvenile court terminates parental rights on more than one statutory ground, we need only find grounds to terminate under one of the sections cited by the juvenile court to affirm." *In re S.R.*, 600 N.W.2d 63, 64 (Iowa Ct. App. 1999). In this case, we will address the mother's arguments regarding paragraph (h).

Despite the mother's preparedness and general improvement during visits with her son, the mother demonstrated no improvement in avoiding confrontation and jeopardizing K.A.'s wellbeing that led to the DHS's involvement. The mother's disputes with the father, his on-and-off again girlfriend, and other persons continued to create an unsafe environment for the child. One caseworker indicated the mother had periods where she improved and was attentive to K.A.'s needs,

often times when she was employed and had a set schedule; however, the mother then had down periods due to neglecting her mental-health issues.

This neglect and inattentiveness of K.A. is corroborated by the DHS, which dealt with the mother in cases regarding her other, older children. The record is replete with evidence of the violence in the mother's life including no-contact orders against the fathers of her older children, continued contact with those fathers despite the no-contact orders, and an inability to stay consistent with her mental-health medication resulting in dramatic mood swings. Thus, there is clear and convincing evidence that K.A. could not be returned to the mother at the time of the termination hearing because of her lack of progress in distancing herself from altercations and violence, and from the threat they pose to K.A. *See* Iowa Code § 232.116(1)(h)(4).

## IV. Best Interests

The mother claims termination of her parental rights was not in the best interests of the child. *See* Iowa Code § 232.116(2). Section 232.116(2) requires us to give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child. *In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010).

The mother has not demonstrated she is capable of attending to K.A.'s safety and wellbeing by disassociating herself from individuals who elicit violent responses from her and by focusing on her own mental-health issues. K.A. was removed from the mother's care and placed into a foster home on December 9, 2016, less than one month after he was born. The mother has not dealt with her

own anger issues so that she could provide a safe environment for K.A. in her custody. Although caseworkers and the DHS generally agree the mother does well with K.A. during supervised visits, until she displays the initiative to attend to her own issues, she cannot provide safe care to K.A. and is not the best placement for K.A.'s growth and development. We agree with the district court, termination is in K.A.'s best interests. *See* Iowa Code § 232.116(2).

## V. Permissive Factors

The mother claims she maintained a strong bond with K.A. that should preclude termination. *See* Iowa Code § 232.116(3)(c). The "exceptions" to termination are permissive and not mandatory. *See In re A.M.*, 843 N.W.2d 100, 113 (Iowa 2014). "The court has discretion, based on the unique circumstances of each case and the best interests of the child, whether to apply the factors in this section to save the parent-child relationship." *In re D.S.*, 806 N.W.2d 458, 475 (Iowa Ct. App. 2011).

The mother loves K.A., and there may be a bond between them. However, due to K.A.'s young age, and the young age at which he was removed from the mother's care, the bond is not so close that on balance, termination will be detrimental to him. *See D.W.*, 791 N.W.2d at 709 ("Although it is clear that [the mother] loves her son, our consideration must center on whether the child will be disadvantaged by termination, and whether the disadvantage overcomes [the mother's] inability to provide for [the child's] developing needs."). K.A. has relied on others to meet his needs throughout the pendency of these proceedings, and therefore, almost the entirety of his life. Thus, the bond between the mother and

K.A. is not so strong as to make termination unnecessary. *See* Iowa Code § 232.116(3)(c).

## VI. Conclusion

Because K.A. could not be returned to the mother at the time of termination due to her violent tendencies, unhealthy relationships, and mental health issues; termination is in K.A.'s best interests; and there are no permissive factors to preclude termination, we affirm.

**AFFIRMED.**